### WARNER v. SHWEITZER.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

ABATEMENT AND REVIVAL—DEATH OF COMPLAINANT—CONTINUANCE OF ACTION.
Under Code Civ. Proc. § 757, allowing an action which survives to be continued on the death of plaintiff by his representative or successor in interest, on the presentation of a petition alleging, without denial, the death of a complainant, and the succession to his interest, petitioner is entitled to continue the cause.

Appeal from special term, New York county.

Action by Ann Augusta Warner against Isidore Shweitzer. From an order substituting Walter E. Warner as plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Julius J. Frank, for appellant.
Robert H. Roy, for respondent.

INGRAHAM, J.  The action was brought by a vendor of real property for a specific performance of a contract to convey.  The action was brought on for trial at a special term of the court, and on the 7th of December, 1899, was decided in favor of the plaintiff, the decision being filed on or about the 23d of February, 1900.  On the 6th day of March, 1900, the respondent presented to the court a petition alleging that on the 15th of January, 1900, the plaintiff assigned to the petitioner, "for value received, all her right, title, and interest in and to the said contract to sell real property in and to any and every cause of action arising therefrom, and your petitioner is now the lawful owner of the said land."  The petition further alleged that pending the decision of the court in the action the said Ann Augusta Warner died, leaving a last will and testament, which was duly admitted to probate on the 14th of February, 1900, and that the petitioner is now sole executor and sole legatee of said last will and testament; and the petition asks that the petitioner be substituted as plaintiff in place of said Ann Augusta Warner, deceased, and that the said action be continued in his name.  The court below granted the motion.  The order provided "that the above-entitled action be continued by Walter E. Warner as plaintiff in said action in place and stead of Ann Augusta Warner, and that Walter E. Warner be, and he hereby is, substituted as plaintiff in said action, and that said action proceed with the same force and effect as if said Walter E. Warner had been originally the plaintiff herein."  The allegations of the petition as to the transfer of the contract and right of action thereunder to the plaintiff, and as to the death of the plaintiff, and the probate of her will, by which this petitioner became sole executor, are not denied; nor did the defendant ask that the petitioner should be required to prove those allegations.  No question seems to have been raised as to the facts in the court below, and so it was not error for the court to act without requiring the petitioner to prove the facts, either in court or before a referee.  The sole plaintiff in the action having died, it was the duty of the court to allow the action to be continued by her representative or successor in interest.  Code Civ. Proc. § 757.  Upon these allegations of fact, not disputed by the defendant, the petitioner was the plaintiff's successor in interest, and was, therefore, entitled to continue the action.

It follows that the order should be affirmed, with $10 costs and disbursements.  All concur.